LÓPEZ, DEMANDANTE Y APELADO, *v.* CENTRAL VANNINA,
DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre desahucio. Incidente
sobre memorandum de costas.

No. 2117.—Resuelto en febrero 28, 1920.

COSTAS—DESEMBOLSOS—HONORARIOS DE ABOGADO—REVOCACIÓN DE SENTENCIA.—
La Corte Suprema de Puerto Rico revocó la sentencia dictada por la corte
de distrito. Establecida apelación para ante la Corte Suprema de los Es-
tados Unidos, este tribunal revocó a su vez la sentencia apelada o sea la
de la Corte Suprema de Puerto Rico. Surgió la cuestión de cuál ley debía
aplicarse para interpretar el pronunciamiento de la sentencia relativo a
costas y se decidió que habiendo quedado en pie finalmente la primitiva sen-
tencia de la corte de distrito, la ley aplicable lo era la que estaba en vigor
cuando dicha sentencia fué dictada.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. D. Monserrat, Jr.*
Abogado del apelado: *Sr. L. Muñoz Morales.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Este es un caso de desahucio y la cuestión a resolver se
refiere al pago de las costas, desembolsos y honorarios de
abogado. La Corte de Distrito de San Juan desestimó la
demanda "con imposición de las costas" a la parte deman-
dante. Dicha parte apeló y esta Corte Suprema revocó la
sentencia y declaró con lugar la demanda. Recurrió entonces
la demandada para ante la Corte de Circuito y este último
tribunal dictó sentencia, en los siguientes términos:

"The judgment of the Supreme Court of Porto Rico is reversed
and the case is remanded to that court for further proceedings not
inconsistent with this opinion, with costs to the appellant."

Recibido el mandato, esta Corte Suprema se limitó a darle
curso transmitiéndolo a la corte de distrito que dictó la pri-
mera sentencia. Ya en dicha corte el asunto, la parte deman-
dada presentó un *memorandum* de costas comprensivo de las
siguientes partidas: Honorarios del secretario $5; indem-

nización de testigos, $12; sellos de rentas internas para certificación de apelación a Boston, $56.61; preparación de apelación y gastos de taquígrafo, traducciones, etc., $250; honorarios de abogado, $5,000. En junto $5,323.61.

La demandante impugnó el *memorandum* con excepción de la partida de $5 por honorarios del secretario, y celebrada la vista, la corte de distrito resolvió el caso, en lo pertinente, así:

"*Segundo.*—En cuanto a las partidas de cincuenta y seis dollars ($56.00), por sellos de Rentas Internas para la apelación a Boston, y doscientos cincuenta dollars ($250.00) por preparación de apelación, gastos de taquígrafo, traducciones, etc., la corte declara que no tiene jurisdicción alguna en cuanto a este extremo por tratarse de gastos hechos dentro de la apelación ante la Corte de Circuito de Boston, cuya corte a entender de ésta ha tasado las costas legales de tal apelación, como única corte con autoridad sobre esta materia. Por consiguiente, se sostiene la objeción como correcta.

"Aparte de esto, la sentencia dictada en este caso el 10 de febrero de 1917, condenó en costas a la parte demandante, sin hacer expresión de gastos y desembolsos; y de acuerdo con la jurisprudencia sentada por la Corte Suprema de Puerto Rico, la palabra *costas* en este caso, y con arreglo a la ley vigente en la fecha en que esta sentencia se dictó, o sea la de 12 de marzo de 1908, debe interpretarse restrictivamente.

"*Tercero.*—En cuanto a honorarios de abogado, partida de cinco mil dollars ($5,000) en este concepto, la corte sostiene la objeción e impugnación y declara que esta partida no debe ser pagada por la demandante. Se trata de una sentencia dictada el 10 de febrero de 1917, bajo el imperio de la ley de 12 de marzo de 1908, artículo 327, Código de Enjuiciamiento Civil y jurisprudencia sentada en 29 de junio de 1912, por nuestra Corte Suprema en el caso de *Veve* v. *El Municipio de Fajardo.* En la sentencia dictada en este caso en la fecha citada, se dice únicamente 'con imposición de costas a la demandante' pero no se habla especialmente de honorarios de abogado."

La parte demandada estableció entonces el presente recurso de apelación, señalando en su alegato dos errores, a saber: el cometido por la corte al declararse sin jurisdicción para conocer de las partidas de $56.61 y de $250; y

al no aplicar a dichas partidas y a la de honorarios de abogado las leyes de 12 de abril y 19 de noviembre de 1917.

1. La regla 31 de las de la Corte de Circuito de Apelaciones del Primer Circuito en sus incisos 4 y 6, dispone que: "El importe de la transcripción de los actos de la corte inferior será tasado en esa corte como costas del caso", y que: "Al concederse costas en este tribunal será el deber del secretario incluir su importe en el mandato u otra orden adecuada remitida a la corte inferior, debiendo agregar al mismo la relación de las partidas tasadas en detalle." 26 D. P. R. LXXVII.

No consta si la demandante solicitó que los desembolsos ahora reclamados se incluyeran en el mandato a que se refiere la regla anterior, ni conocemos si la cuestión aquí envuelta ha sido resuelta en algún sentido por la Corte de Circuito en este o en algún otro caso procedente de Puerto Rico.

La condena de costas que contiene la sentencia de la Corte de Circuito claramente se refiere y está limitada a las costas de la apelación, costas que al parecer han sido ya tasadas y pagadas, y la negativa del juez de distrito a ordenar el pago de los desembolsos, se sostiene por cualquiera de los siguientes fundamentos: Si se trataba de costas que debieron incluirse en el mandato de la Corte de Circuito, la demandada no reclamó a tiempo su derecho; si se trataba de desembolsos hechos "bajo la autoridad de la Corte Suprema de Puerto Rico", como sostiene la apelante, la ley, artículo 8 del Código de Enjuiciamiento Civil, no permite su cobro, y, por último, si para percibir dichos desembolsos la demandada se basa en la sentencia que obtuvo originalmente en su favor en la corte de distrito, tal sentencia no condenó a la parte demandante al pago de desembolso alguno, sino que se limitó a la imposición de las costas.

2. Con lo dicho, hemos en verdad indicado nuestro criterio en cuanto al segundo error. Resta sólo explicar ese criterio.

Estamos conformes con la jurisprudencia que cita la parte apelante relativa a que la revocación de una sentencia la destruye por completo, pero aquí la revocación de la sentencia de la Corte de Distrito de San Juan por la de esta Corte Suprema no llegó a producir tal efecto, debido a la apelación interpuesta contra ella para ante la Corte de Circuito y la acción tomada por este último tribunal. La sentencia que quedó en pié finalmente fué la dictada por la corte de distrito. Y siendo ello así, para ejecutar su pronunciamiento relativo a costas, es necesario aplicar la ley que estaba en vigor en el momento en que tal pronunciamiento se hizo, o sea el 10 de febrero de 1917. Esa ley es la misma citada por el juez de distrito en su resolución que dejamos transcrita y fué interpretada por este tribunal, así:

"La sentencia que condena únicamente al pago de costas, sólo se refiere a costas, y no a desembolsos y honorarios de abogados, pues las sentencias relativas a costas, lo mismo que las leyes sobre costas, deben interpretarse estrictamente."

"Tanto los honorarios de abogados como los desembolsos, únicamente son exigibles cuando en la sentencia que condena al pago de costas, se condena expresamente al pago de honorarios de abogados y desembolsos, y cuando en una sentencia sólo se condena al pago de costas, no puede reclamarse honorarios de abogados ni desembolsos como parte de las costas." *Veve* v. *El Municipio de Fajardo,* 18 D. P. R. 764. *Gandía* v. *Pizá,* 19 D. P. R. 36, 38.

Las leyes que invoca la parte apelante son posteriores a la sentencia de la cual emanan sus derechos y no pueden, en tal virtud, aplicarse en su favor.

Por todo lo expuesto opinamos que debe declararse sin lugar el recurso establecido y confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.